UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cr-00177-JPH-MJD ) |
| WILLIAM JOHNSON, II, | ) -01 ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

William Johnson II has filed a motion to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. Dkt. 53.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether,

1

in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

Here, Mr. Johnson seeks a reduction under Amendment 821 Part A, which limits "status points" imposed for having committed the offense while under a criminal justice sentence. Dkt. 53; USSG §4A1.1. The government responds that Mr. Johnson is not eligible for a reduction because his sentence already accounted for Amendment 821. Dkt. 56.

Mr. Johnson received two status points, resulting in a criminal history category of V. Dkt. 30 at 12. But at the time of the sentencing hearing, Amendment 821 had been proposed, so the Court expressly "account[ed] for the proposed guideline amendment to §4A1.1(d), set to become effective on November 1, 2023." Dkt. 40 at 2. The Court therefore explained on the record that it was "functionally" using a guidelines range based on a criminal history category IV instead of V.

So, even if Mr. Johnson is technically eligible for a sentence reduction under *Dillon*'s first step, he has already received Amendment 821's benefit and therefore cannot show at the second step that a "reduction . . . is warranted . . . under the particular circumstances of the case." *Dillon*, 560 U.S. at 826–27. Indeed, his motion does not address the 18 U.S.C. § 3553(a) factors or how they could support a reduction on this record. *See* dkt. 53; *United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016) (affirming denial of sentence reduction when defendant presented no evidence regarding the § 3553(a)

2

factors). Mr. Johnson's motion for sentence reduction is **DENIED** under the § 3553(a) factors as addressed at his sentencing hearing. Dkt. [53].

**SO ORDERED.**

Date: 5/1/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

All electronically registered counsel

William Johnson II
Reg. No. 32808-510
Manchester Federal Correctional Institution
P.O. Box 4000
Manchester, KY 40962-4000